| | |
|---|---|
| OSCAR LUNA, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE NORTHBROOK INDEMNITY COMPANY, <br><br> Defendant. | 1:18-cv-00606-LJO-SKO <br><br> **MEMORANDUM DECISION AND ORDER DENYING COUNTER-DEFENDANT LAURA KUHNE IRIGOYEN'S MOTION TO STRIKE COUNTERCLAIMS** <br><br> (ECF No. 11) |
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, <br><br> Counterclaimant, <br><br> v. <br><br> OSCAR LUNA and LAURA KUHNE IRIGOYEN, <br><br> Counter-defendants. | |

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

## I. INTRODUCTION

Counter-defendant Laura Kuhne Irigoyen ("Counter-defendant" or "Kuhne Irigoyen"), appearing *pro se*, brings this motion to strike the counterclaims filed against her by Defendant and Counterclaimant Allstate Northbrook Indemnity Company ("Defendant/Counterclaimant" or "Allstate"). This action stems from a dispute regarding ownership of a 2003 Porsche 911 Turbo (hereinafter "Porsche"). Kuhne Irigoyen moves to strike the counterclaim filed against her, arguing that she is not a

1

proper party to this action under Rule 14.[1]  This matter is now ripe for review and is suitable for disposition without oral argument. *See* E.D. Cal. Local Rule 230(g).

## II. BACKGROUND

Plaintiff/Counter-defendant Oscar Luna ("Plaintiff/Counter-defendant" or "Luna") alleges in his complaint that he is the rightful owner of the disputed Porsche.  In a September 25, 2017 settlement approved and adopted by Fresno County Superior Court in *Oscar Luna v. Estate of J.M. Irigoyen*, No. 17CECG01454, Luna was adjudged "the sole owner in fee simple" of the Porsche.  ECF No. 1 at 10, Ex. A.  Allstate has refused to release its claim to the Porsche.  *Id.*  Luna alleges a cause of action against Allstate for conversion and requests punitive damages.

Allstate counterclaimed against Luna and Kuhne Irigoyen for conversion and quiet title to personal property, alleging that, in August of 2016, Counter-defendant Kuhne Irigoyen filed an insurance claim with Allstate alleging that the Porsche was stolen.  ECF No. 7 at 8.  According to the counterclaim, she then transferred title of the vehicle to Allstate in exchange for $37,826.56 for satisfaction of that claim.  *Id.*  However, Allstate alleges that after Kuhne Irigoyen reported a claim to Allstate for theft and received payment, she acknowledged that Luna solely owned the vehicle in a civil settlement in the matter of *Oscar Luna v. Estate of J.M. Irigoyen*, No. 17CECG01454.  *Id.*  Allstate therefore seeks to recover the $37,826.56 theft claim payment issued to Kuhne Irigoyen.

The case, originally filed in Fresno County Superior Court, was removed by Allstate to this Court pursuant to 28 U.S.C. §§ 1441, 1446.  ECF No. 1.  Kuhne Irigoyen filed the instant motion to strike on July 6, 2018.  ECF No. 11.  Allstate filed an opposition on August 1, 2018.  ECF No. 15.  Kuhne Irigoyen did not file a reply brief.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and venue is proper.

---

[1] Unless otherwise indicated, "Rule" will refer to the Federal Rules of Civil Procedure in this Order.

2

## III. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, 706-07, 711 (2d ed. 1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 121 n.4 (D.P.R. 1972).

The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *See Fogerty*, 984 F.2d at 1527; *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc*., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief." *Id.* (quoting *Sec. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty*, 984 F.2d at 1528).

## IV. DISCUSSION

Kuhne Irigoyen moves to strike Allstate's counterclaim against her, arguing that she is not a proper third party under Rule 14 because Allstate does not allege that she is "secondarily or derivatively liable for Luna's claims and thus does not allege a right of indemnification, subrogation, breach of

3

warranty, or contribution as a joint tortfeasor from her." ECF No. 11 at 2. Allstate counters that Irigoyen is a proper counter-defendant in this suit pursuant to Rules 13(h), 19, and 20 because she fits the definition of a compulsory, or, alternatively, permissive party in this action under the facts alleged in the counterclaim.

Under Rule 19, a person must be joined as a party to the action if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, under Rule 20 a person may be joined as a defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20." Fed. R. Civ. P. 13(h).

Kuhne Irigoyen's argument that she cannot be brought into this lawsuit as a defendant because Plaintiff/Counter-defendant Luna makes no allegations against her misses the mark entirely. Luna and Allstate are each suing the other for conversion of the Porsche. Allstate is also suing Kuhne Irigoyen for conversion of the Porsche. Allstate alleges in its counterclaim that Kuhne Irigoyen was paid $37,826.56 on a theft claim for the allegedly stolen Porsche that she later agreed belonged to Luna in a civil settlement. In other words, Allstate alleges that Kuhne Irigoyen wrongfully possesses the full amount of the theft claim payment that Allstate seeks in connection with its conversion cause of action. Taking the well pleaded allegations in the counterclaims as true, as the Court must on a motion to strike, *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004), the Court cannot decide the competing conversion claims over the same property and accord complete relief among the interested parties without all three parties – Allstate, Luna, and Kuhne Irigoyen – joined in this litigation. Since the Court concludes that Kuhne Irigoyen is a compulsory party in Allstate's counterclaim and therefore

4

properly joined under Rules 19 and 13(h), it need not consider whether permissive joinder is appropriate under Rule 20. Kuhne Irigoyen's motion to strike Allstate's counterclaim is DENIED.

### V. CONCLUSION AND ORDER

For the reasons stated above, Counter-defendant Kuhne Irigoyen's motion to strike Defendant/Counterclaimant Allstate's counterclaim, ECF No. 11, is DENIED.

Counter-defendant Kuhne Irigoyen is further admonished that if she files any additional baseless or frivolous motions in this action, she will be subject to sanctions.

IT IS SO ORDERED.

Dated: **August 24, 2018**              /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE